UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER LAMAR TIPTON,

    Plaintiff,

v.   Case No. 3:23-cv-1215-MMH-PDB

CENTURION and UNION
CORRECTIONAL INSTITUTION,

    Defendants.

## **ORDER**

Plaintiff Christopher Lamar Tipton, an inmate of the Florida penal system, initiated this action on October 11, 2023, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Tipton names two Defendants: Centurion and Union Correctional Institution (UCI). Complaint at 2. According to Tipton, since May 2022, he has submitted several sick call requests to address his medical concerns, including "rectal/testicular pain, COVID-19, eye doctor, increase in blood pressure issues (cardiac), lower back pains, [and] inadequate treatment after use of force incidents"; however, Defendants have failed to treat him for these issues. Id. at 5. Tipton requests monetary damages and injunctive relief. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the

---

[1] Tipton requests to proceed as a pauper. See Amended Motion (Doc. 4).

2

PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that

4

"conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Tipton's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709)).

5

Liberally read, Tipton's Complaint fails to state a plausible § 1983 claim against Defendants. First, UCI is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015).[3] Because UCI is not a legal entity amenable to suit, Tipton fails to state a claim upon which relief may be granted against the correctional institution.

In addition, it appears that Tipton sues Centurion for alleged mismanagement of his medical care. Centurion contracted with the FDOC to provide medical services to inmates within the State of Florida. Although Centurion is not a governmental entity, "[w]here a function which is traditionally the exclusive prerogative of the state . . . is performed by a private

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

entity, state action is present" for purposes of § 1983. <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985). Indeed,

> "[w]hen a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. <u>Buckner v. Toro</u>, 116 F.3d 450, 452 (11th Cir. 1997). "[L]iability under § 1983 may not be based on the doctrine of respondeat superior." <u>Grech v. Clayton Cnty., Ga.</u>, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

<u>Craig v. Floyd Cnty.</u>, 643 F.3d 1306, 1310 (11th Cir. 2011); see <u>Denham v. Corizon Health, Inc.</u>, Case No. 6:13-cv-1425-Orl-40KRS, 2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works.") (citation omitted), <u>aff'd</u> 675 F. App'x 935 (11th Cir. 2017).

Where a deliberate indifference medical claim is brought against an entity, such as Centurion, based upon its functional equivalence to a government entity, the assertion of a constitutional violation is merely the first hurdle in a plaintiff's case. This is so because liability for constitutional deprivations under § 1983 cannot be based on the theory of respondeat superior. <u>Craig</u>, 643 F.3d at 1310 (quoting <u>Grech</u>, 335 F.3d at 1329); see <u>Denno</u>

v. Sch. Bd. Of Volusia Cnty., 218 F.3d 1267, 1276 (11th Cir. 2000). Instead, a government entity may be liable in a § 1983 action "only where the [government entity] itself causes the constitutional violation at issue." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 693-94 (1978).

In Monell, the Supreme Court held that local governments can be held liable for constitutional torts caused by official policies. However, such liability is limited to "acts which the [government entity] has officially sanctioned or ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Under the directives of Monell, a plaintiff also must allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." Denno, 218 F.3d at 1276; see Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) (stating Monell "is meant to limit § 1983 liability to 'acts which the municipality has officially sanctioned or ordered'"; adding that "[t]here are,

8

however, several different ways of establishing municipal liability under § 1983").

"A policy is a decision that is officially adopted by the [government entity] or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the [government entity] from acts of employees of the [government entity], and thereby make clear that [governmental] liability is limited to action for which the [government entity] is actually responsible.'" Grech, 335 F.3d at 1329 n.5 (quotation and citation omitted). Indeed, governmental liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives'" by governmental policymakers. City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur, 475 U.S. at 483-84). A government entity rarely will have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the government entity has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). A custom is an act "that has not

9

been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law," see Sewell, 117 F.3d at 489, or a "persistent and wide-spread practice" of which the entity is aware, see Denno, 218 F.3d at 1277. Last, "[t]o hold the [government entity] liable, there must be 'a direct causal link between [its] policy or custom and the alleged constitutional deprivation.'" Snow ex rel. Snow v. City of Citronelle, 420 F.3d 1262, 1271 (11th Cir. 2005) (quoting Canton, 489 U.S. at 385). Because Centurion's liability under § 1983 would be based on its functional equivalence to the government entity responsible for providing medical care and services to inmates, Tipton must plead that an official policy or a custom or practice of Centurion was the moving force behind the alleged federal constitutional violation.

Here, Tipton neither identifies an official Centurion policy of deliberate indifference nor an unofficial Centurion custom or practice that was the moving force behind the alleged constitutional violations. Indeed, the Complaint is devoid of any specific claims against Centurion. Tipton's factual allegations, which seemingly relate only to individual failures in his medical

care, are insufficient to sustain a claim that there is either a policy to deny medical care to inmates or a practice or custom of denying adequate medical care, much less that the practice was so widespread that Centurion had notice of violations and made a "conscious choice" to disregard them. <u>Gold v. City of Miami</u>, 151 F.3d 1346, 1350 (11th Cir. 1998). As such, Tipton fails to state a claim for relief against Centurion, and the case is due to be dismissed.

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/18
c:   Christopher Lamar Tipton, #W23486

11